W. D. McKay, et al., plaintiffs in error, vs. James W. Ragan, defendant in error.

M. was arrested upon *ca. sa*, and gives bond for his appearance at a certain Court, to take the benefit of the Insolvent Debtors Act.  At the Term speci fied, the case is reached in its order on the docket and called, but there i no appearance.  Judgment was entered up on the bond.  Subsequently, and after the jury was discharged, the attorney of the security surrenders up the principal in open Court, and upon his motion, the judgment is set aside, the security exonerated, and the case continued until the next Court.

*Held*, That it was error to re-open the proceedings, vacate the judgment, and discharge the security.

Certiorari, from Sumter county.   Decision by Judge Al-len, at September Term, 1858.

Upon a judgment obtained by James W. Ragan against William D. McKay, a *capias ad satisfaciendum* issued, and McKay being arrested, entered into bond with Alexander M. Little as his surety, conditioned to appear at the Term of the Inferior Court to be held in and for the county of Sumter, on the third Monday in May, 1858, to abide such order and judgment as might then and there be rendered in relation to his taking the benefit of the Act for the relief of honest debt- ors.   At the said May Term of said Inferior Court, the cause being regularly called, and McKay and his surety both ·fail- ing to appear, judgment was entered up against them.

Afterwards, and after the jury were discharged, during the same Term of the Court, McKay was surrendered in open Court by the attorneys of Little, and thereupon, on motion of counsel for Little, the Court granted an order, vacating and setting aside the judgment rendered against McKay and Lit- tle, and exonerating Little from said bond, and continuing the case until the next Term of the Court.

To this order counsel for plaintiff objected, and duly filed his exceptions, and applied for a *certiorari* to have said order reversed.

The *certiorari* issued, and upon the hearing, the Superior

McKay et al. vs. Ragan.

Court, (ALLEN J. presiding,) ordered and adjudged that said order of the Inferior Court be set aside and reversed, and that the judgment rendered in favor of plaintiff stand in full force.

To this decision counsel for McKay and Little excepted.

McCoy & HAWKINS, for plaintiffs in error.

A. R. BROWN, *contra.*

*By the Court.*—LUMPKIN J. delivering opinion.

A *ca. sa.* bond to take the benefit of the Insolvent Debtors Act is returnable to a particular Court. The case is reached in its order and called; and there being no appearance by the principal or his security, judgment is taken on the bond. Afterwards, and after the jury were discharged, the debtor is surrendered in open Court by the attorney of Little, his bondsman. And upon motion, the judgment is vacated, Little exonerated, and the case continued until the ensuing Term of the Court.

We concur with the Circuit Judge, that the Inferior Court was manifestly wrong in allowing the judgment to be opened and set aside, by the delivery of the debtor. Great mischiefs would result from such a practice.

Judgment affirmed.

McDONALD J. absent.